UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARAH PALONDER,

      Plaintiff,

v.                                    CASE NO. 8:10-CV-2697-T-17EAJ

K MART CORPORATION
etc.,

      Defendant.

_____/


ORDER

    This cause is before the Court on:


Dkt. 5   Motion for Remand
Dkt. 7   Response

This case is a complaint for negligence which was filed in
Pinellas County Circuit Court on 9/21/2010.  The case was removed
to this Court on 12/2/2010 (Dkt. 1).  The basis of jurisdiction
is diversity.


    Plaintiff Sarah Palonder moves to remand this case to
Pinellas County Circuit Court because Defendant K-Mart has not
clearly and unambiguously established by a preponderance of the
evidence that the amount in controversy exceeds $75,000, and
because Defendant K-Mart did not remove the case within thirty
days of receiving the initial pleadings as required by 28 U.S.C.
Sec. 1446(b).


    Defendant K Mart Corporation opposes Plaintiff's Motion.

Case No. 8:10-CV-2697-T-17EAJ

I.   Standard of Review

The burden of establishing federal jurisdiction is on the party attempting to remove the case from state court. Lowery v. Alabama Power Co., 483 F.3d 1184 (11th Cir. 2007). Removal statutes are strictly construed, and when the parties dispute jurisdiction, uncertainties are resolved in favor of remand. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1094 (11th Cir. 1994). The removing party has the burden of proving the facts supporting federal jurisdiction by a preponderance of the evidence. McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002). Removal may be based on an initial pleading, an amended pleading, motion, order or other paper. See 28 U.S.C. 1446(b). If removal is based on a document other than an initial pleading, the document must have been supplied by the plaintiff. Lowery at 1215, n.63 (11th Cir. 2007).

II.   Discussion

In this case, the jurisdictional amount stated in Plaintiff's complaint is not specified; Plaintiff Palonder alleges that Plaintiff's damages exceed $15,000, exclusive interest, costs and attorney's fees.

Defendant K Mart Corporation argues that Defendant K Mart Corporation was served on November 8, 2010, and therefore removal on 12/2/2010 is timely.

Defendant K Mart Corporation argues that the Motion to Remand should be denied, based on a pre-suit demand letter dated April 10, 2010, which outlines medical bills incurred by Plaintiff Palonder in the amount $86,658, and which makes a

2

Case No. 8:10-CV-2697-T-17EAJ

settlement demand of $350,000.00.   Defendant K Mart argues that
Plaintiff Palonder does not dispute the amount of medical
expenses incurred as of 4/10/2010, $86,658, which is in excess of
the jurisdictional amount.   The settlement demand letter states
that Plaintiff Palonder will incur future medical expenses

     The Court has taken judicial notice of the docket of the
state court case (attached to this Order), which indicates
service on Defendant on 11/8/2010.   After consideration, the
Court finds that removal is timely, and that Defendant K Mart
Corporation has established the jurisdictional amount by a
preponderance of the evidence.   Accordingly, it is

     **ORDERED** that the Motion to Remand is **denied**.


     **DONE AND ORDERED** in Chambers, in Tampa, Florida on this
6th day of JUNE, 2011.

                                        ELIZABETH A. KOVACHEVICH
                                        United States District Judge



Copies to:
All parties and counsel of record

3



## KEN BURKE, CPA
### CLERK OF THE CIRCUIT COURT
### PINELLAS COUNTY, FLORIDA

**Civil/Small Claims - Docket Viewing - Fct D**

Return to Previous Page  Records Main Menu

| Uniform Case | | Pinellas Case | Section | Case Type | Type |
|---|---|---|---|---|---|
| 522010CA014200XXCICI | | 10014200CI | 008 | NEGLIGENCE | CI |
| Style: | PALONDER SARAH | | | | |
| vs. | K MART CORPORATION | | | | |
| Jury Trial | | Stipulation (STIP) | Notice of Hearing (NOTH) | Reason | Type Disp. |
| | | | | | CACL |
| Filing Date | | Appeal Date | Judg. Date | Reop Date | Docket Date |
| 09/23/2010 | | | | | |
| Case/Cat | | | | | |
| OTHER NEGLIGENCE | | | | | |

Select Dockets per Page:

100

Submit

Select Page:

1

**12 docket entries displayed of 12, 12/20/2010 to 09/23/2010**  New Search

Current Sort is: -Original Sort-

| Reset Original Sort | Link To | Activity Code | Docket Date | P/D | Docket Entry | Ver |
|---|---|---|---|---|---|---|
| 1 | 🔗 | SURS | 12/20/2010 | CLERK | SUMMONS RETD SERVED K MART CORPORATION 110810 | F |
| 2 | 🔗 | CACL | 12/03/2010 | PLAINTIFF | CASE CLOSED | F |
| 3 | 🔗 | FILE | 12/03/2010 | PLAINTIFF | NOTICE OF FILING NOTICE OF REMOVAL TO DISTRICT COURT TAMPA | F |
| 4 | 🔗 | NAPP | 10/12/2010 | DEFENDANT | NOTICE OF APPEARANCE (SPECIAL) | F |
| 5 | 🔗 | 02SF | 09/24/2010 | PLAINTIFF | SUMMONS FEE PAID $10.00 | N |
| 6 | 🔗 | 02CI | 09/24/2010 | PLAINTIFF | CIRCUIT CIVIL FILING FEE PAID $400.00 | N |
| 7 | 🔗 | CCST | 09/23/2010 | PLAINTIFF | CIVIL COVER SHEET | F |
| 8 | 🔗 | NSIR | 09/23/2010 | PLAINTIFF | NOTICE OF SERVICE OF INTERROGATORIES | F |
| 9 | 🔗 | REPR | 09/23/2010 | PLAINTIFF | REQUEST FOR PRODUCTION | F |
| 10 | 🔗 | READ | 09/23/2010 | PLAINTIFF | REQUEST FOR ADMISSIONS | F |
| 11 | 🔗 | COMP | 09/23/2010 | PLAINTIFF | COMPLAINT | F |
| 12 | 🔗 | SECT | 09/23/2010 | PLAINTIFF | THIS CASE ASSIGNED BY CLERK TO SECTION 008 BY 3679 - RANDOM CI | N |

Select Page:

1

Return to Top of Page:

Top of Page

New Search

Ver Verified: F=Filed, N=Not Filed/Notice
There is no case file document associated with a notice.